UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEVON ALLEN,

        Petitioner,

v.                       Case No. 18-C-520

WARDEN WEARING,

        Respondent.

## SCREENING ORDER

On April 3, 2018, Devon Allen filed this petition for federal habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Allen filed with his petition a copy of his prisoner trust fund account statement. I am satisfied that he lacks sufficient funds to pay the $5.00 filing fee. Accordingly, the court will allow Allen to proceed without prepayment of costs.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Allen was convicted by guilty plea in Milwaukee County Circuit Court of one count of battery by a person subject to a domestic abuse injunction as an act of domestic abuse and one count of possession of a firearm by a person adjudicated delinquent for an act that would have been deemed a felony if committed by an adult. The circuit court imposed and stayed a sentence of fourteen months of initial confinement and fourteen months of extended supervision and placed Allen on a consecutive probation term of three years. Allen filed a post-conviction motion requesting to withdraw his plea because the circuit court failed to explain, and he did not understand, his constitutional rights to subpoena witnesses and remain silent at trial at the time he entered his guilty pleas.

Allen now asserts in his petition that his trial counsel was ineffective for failing to explain Allen's trial rights and that the state of Wisconsin did not have jurisdiction over him because he is a foreign sovereign citizen. He has not exhausted either claim in state court. A district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509 (1982). Because Allen has not exhausted his state court remedies for these claims, the court will dismiss his petition without prejudice so that he may do so.

**IT IS THEREFORE ORDERED** that pursuant to Rule 4 of the Rules Governing § 2254 Cases, Allen's petition for habeas corpus is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Allen may proceed without prepayment of the $5.00 filing fee.

Dated this   5th   day of April, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court